UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **Nicholas Reed Magee** | **CIVIL ACTION NO.** |
| **VERSUS** | **SECTION:** |
| **Florida Marine, LLC, Florida Marine Transporters, LLC and PBC Management, LLC** | **JUDGE** |
| | **MAGISTRATE** |

**SEAMAN'S COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Nicholas Reed Magee ("Plaintiff"), a person of full age of majority, respectfully represents upon information and belief as follows:

1.

Plaintiff is a 26-year-old Louisiana resident who is married with a two-year-old son. He files this Seaman's Complaint for Damages Complaint because he sustained significant injuries while working as a Jones Act seamen for the defendants. He is disabled and unable to return to work. Defendants are responsible for Plaintiff's losses and injuries under the Jones Act and General Maritime Law.

2.

Jurisdiction and venue are proper before this Court based upon the Jones Act, 46 U.S.C. 30104 et seq. and General Maritime Law.

3.

Made defendants herein are the following corporate entities which are all are indebted unto Plaintiff for all damages to which he is entitled to receive as prayed for herein, together with legal

1

interest date from the date of judicial demand until paid and for all costs of these proceedings for the following, non-exclusive, acts of negligence, as set forth in this complaint:

A. Florida Marine Transporters, LLC, a limited liability company organized and existing under the laws of the State of Delaware, but who can be found for Jones Act venue purposes within this judicial district. Said limited liability company has designated Tim Burns, 2360 Fifth Street, Mandeville, Louisiana 70471 as its agent for service of process and has further designated that address as its principal place of business establishment within the State of Louisiana.

B. Florida Marine LLC, a limited liability company organized and existing under the laws of the State of Louisiana, who can be found for Jones Act venue purposes within this judicial district. Said limited liability company has designated Tim Burns, 2360 Fifth Street, Mandeville, Louisiana 70471 as its agent for service of process and has further designated that address as its domicile address.

C. PBC Management, LLC, a limited liability company organized and exiting under the laws of the State of Florida, but who can be found for Jones Act venue purposes within this judicial district. Said limited liability company has designated Dennis Pasentine, 2360 Fifth Street, Mandeville, Louisiana 70471 as its agent for service of process and has further designated that address as its principal business establishment within the State of Louisiana.

4.

Said defendants are engaged in a systematic and regular course of business within this district and within the jurisdiction of this Honorable Court. Their principal business establishment is in Mandeville, Louisiana.

5.

On or about March 6, 2022, Plaintiff was employed by defendants as a Jones Act Seaman aboard the JOHN PASENTINE II.

6.

At all pertinent times hereto defendants owned, operated, chartered and/or controlled a fleet of vessels, including the M/V JOHN PASENTINE II., on the inland rivers of the United States and within the State of Louisiana.

7.

Nicholas Reed Magee was at all material times an employee of defendants and assigned by defendants to work as Deckhand aboard the M/V JOHN PASENTINE II.  The work Plaintiff performed aboard said vessel was in furtherance of the mission of the vessel.

8.

Plaintiff was injured on March 6, 2022, while working as a Deckhand in the service of defendants' vessel, the M/V JOHN PASENTINE II (the "Vessel"), on the Ohio River near Catlettsburg, Kentucky.  In the middle of the night, Plaintiff was instructed by the Master to unload material from the Vessel by traversing a barge and dock near Mile Marker 318.  While doing as he was told, Plaintiff fell overbroad into the frigid river.  The incident hospitalized Plaintiff and caused him to sustain severe and debilitating emotional and physical injuries to his lungs, back, knees, legs, neck, and other parts of his body.

9.

Because of the negligence of defendants in failing to provide a safe place to which to work, Nicholas Reed Magee was injured.

10.

The sole and proximate cause of the above-described accident and the resulting injuries Plaintiff sustained were the carelessness, recklessness and negligence of defendants, their agents, and employees, in the following non-exclusive respects:

1. Breach of a legally imposed duty of reasonable care owed by defendants to the Plaintiff.
2. Failure to provide Plaintiff with safe and efficient means to perform transit between a dock and the M/V M/V JOHN PASENTINE II;
3. Failure to provide Plaintiff with a seaworthy vessel;
4. Failure to provide Plaintiff with a safe place to work;
5. Failure to properly train and supervise Plaintiff;
6. Failure to properly train the vessel's crew;
7. Failure to take any means or precautions for the safety of defendants' employees, including Plaintiff;
8. Failure to provide minimum safety requirements;
9. Failure to provide adequate equipment for the job in question;
10. Failure to provide adequate personnel for the job in question;
11. Failure to comply with internal company policies and procedures;
12. Failure to comply with industry and federal safety recommendations;
13. Other acts of negligence and unseaworthiness which will be shown at the trial of this matter.

11.

Upon information and belief, the said accident and injuries to Nicholas Reed Magee were not caused or contributed to by any fault or want of care on the part of the Plaintiff.

12.

As a direct result of the negligence of defendants and the unseaworthiness of the vessel, Plaintiff, Nicholas Reed Magee is entitled to recover from defendants reasonable and just compensatory, special and general damages as prayed for herein and to be awarded by this Honorable Court in the following non-exclusive respects:

1. Past, present and future physical, mental, and emotional pain and suffering;
2. Past, present and future loss of wages, fringe benefits and wage earning capacity;
3. Past and future physical disability;
4. Past, present and future medical expenses; and
5. All other special and general damages as will be shown at the trial of this matter.

13.

According to the General Maritime Law of the United States, defendants, have and continues to have the absolute and nondelegable duty to provide Plaintiff with maintenance and cure benefits from the date he was rendered unfit for duty until maximum cure is achieved.

14.

As a result of the aforementioned accident, Plaintiff was rendered unfit for and presently remains unfit and incapable of returning to duty as a seaman.

15.

Therefore, Plaintiff prays for the payment of past, present and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which Plaintiff is entitled. Should defendants fail to honor their maintenance and cure obligation, the Plaintiff is entitled to attorney's fees, punitive damages and an additional compensatory award for any acts of negligence on the part of the defendants which would result in a deterioration of the Plaintiff's medical condition.

16.

Plaintiff specifically alleges a claim for punitive damages against the defendants herein based upon General Maritime Law. This claim relates not only to any arbitrary and/or unreasonable failure of Defendants to pay maintenance and cure benefits but also for any gross negligence of the Defendants, or unseaworthiness of the vessel as may be allowed under General Maritime Law.

17.

Plaintiff prays for a trial by jury on all issues raised herein.

WHEREFORE, Plaintiff prays that Defendants Florida Marine, LLC, Florida Marine Transporters, LLC and PBC Management, LLC be duly cited to appear and answer this Complaint and after the legal delays and due proceedings had, there be Judgment herein in favor of the Plaintiff, Nicholas Reed Magee and against the defendants, Florida Marine, LLC, Florida Marine Transporters, LLC and PBC Management, LLC for all damages to which the Plaintiff is entitled to recover for the reasons set forth herein, together with legal interest thereon from date of judicial demand until paid, for payment of all costs, including expert fees, and for all other general and equitable relief.

FURTHERMORE, Plaintiff prays that defendants, Florida Marine, LLC, Florida Marine Transporters, LLC and PBC Management, LLC be cast in judgment in favor of the Plaintiff for past, present, and future adequate maintenance benefits as well as past, present and future payment of any and all cure benefits to which Plaintiff is entitled by law and penalties and additional damages if applicable.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

                              Respectfully submitted,

                              **ADAM DAVIS LAW FIRM**

        BY:   *s/ Adam Neely Davis*
                              Adam Neely Davis (Bar No. 35740)
                              22364 Level Street
                              Abita Springs, Louisiana 70420
                              Telephone: 504 553 1435
                              Facsimile: 504 553 1439
                              Email: ad@adamdavislawfirm.com

        ATTORNEY FOR NICHOLAS REED MAGEE