UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NICHOLAS REED MAGEE                              CIVIL ACTION

VERSUS                                           NO. 22-3835

FLORIDA MARINE, LLC, ET AL                       SECTION: "P" (5)

ORDER AND REASONS

Before the Court is the Motion for Summary Judgment to Dismiss Nicholas Magee's Claims for Jones Act Negligence and Unseaworthiness filed by Defendants, Florida Marine, LLC, Florida Marine Transporters, LLC, and PBC Management, LLC (collectively, "Florida Marine").[1] Plaintiff, Nicholas Magee, opposes the motion.[2] Florida Marine filed a reply in support of its motion.[3] And Plaintiff filed a sur-reply in opposition.[4] For the following reasons, Florida Marine's Motion for Summary Judgment (R. Doc. 92) is **DENIED**.

I.     BACKGROUND

This action arises out of injuries allegedly sustained by Plaintiff Nicholas Reed Magee while working as a deckhand aboard the M/V JOHN PASENTINE II ("Vessel") on March 6, 2022.[5] Plaintiff alleges the Vessel is owned by Florida Marine and that Plaintiff was employed by Florida Marine as a Jones Act seaman at the time of the incident.[6] According to Plaintiff, the Vessel was on the Ohio River near Catlettsburg, Kentucky when the Master of the Vessel instructed him to unload material from the Vessel by traversing a barge and dock, and while doing

---

[1] R. Doc. 92.
[2] R. Doc. 119.
[3] R. Doc. 123.
[4] R. Doc. 135.
[5] R. Doc. 1 at 3.
[6] *Id.*

as instructed, Plaintiff fell into the river and sustained injuries to his lungs, back, knees, legs, neck, and other parts of his body.[7]

Plaintiff alleges his injuries are a result of Florida Marine's negligence and the unseaworthiness of the Vessel.[8] Plaintiff thus seeks to recover various types of damages from Florida Marine.[9] Plaintiff also alleges that, as a result of the incident, he was rendered unfit for his job as a seaman.[10] Accordingly, in addition to damages, Plaintiff seeks maintenance and cure benefits from the date he was rendered unfit for duty until maximum cure is achieved.[11]

Florida Marine now moves for partial summary judgment on Plaintiff's Jones Act negligence and unseaworthiness claims on the basis that Plaintiff cannot prove the essential elements of each claim.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[13] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to

---

[7] *Id.*
[8] *Id.* at 3–5.
[9] *Id.* at 5–6.
[10] *Id.* at 5. As of the date the Complaint was filed, Plaintiff allegedly remained unfit and incapable of returning to duty as a seaman. *Id.*
[11] *Id.* at 5–6.
[12] FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).
[13] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

either support or defeat a motion for summary judgment."[14]  "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."[15]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[16]  "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[17]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[18]  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing a genuine issue of fact exists.[19]  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution.[20]

### III.  LAW AND ANALYSIS

Florida Marine contends Plaintiff cannot prove one or more of the elements necessary to establish Florida Marine is liable for negligence under the Jones Act or for unseaworthiness under

---

[14] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075.
[15] *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).
[16] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[17] *Id.* at 1265.
[18] *See Celotex*, 477 U.S. at 325.
[19] *See id.* at 324.
[20] *See, e.g., id.*; *Little*, 37 F.3d at 1075 " (quoting *Celotex*, 477 U.S. at 322) ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'").

general maritime law, and that, as such, Florida Marine is entitled to summary judgment on these claims. In response, Plaintiff sets forth evidence in support of both of its claims. It is apparent from the briefing that Florida Marine either, at best, misunderstood the bases of Plaintiff's theories of liability or, at worst, mischaracterized them, as many of the arguments Florida Marine relies on and the evidence it contends Plaintiff cannot show are wholly inapplicable to Plaintiff's actual theories of liability. The Court addresses each theory in turn below.

### A. Jones Act Negligence

The Jones Act gives "[a] seaman injured in the course of employment" a cause of action for his employer's negligence.[21] An employer under the Jones Act has a duty to act with reasonable care under the circumstances.[22] An employer breaches that duty, and is thereby negligent, if it fails to act with reasonable care, i.e., fails to do what a reasonable and prudent employer would have done under the circumstances of the situation.[23] A plaintiff seeking to recover for Jones Act negligence must also prove causation, but the standard of proof is not a demanding one.[24] Indeed, if the employer's negligence "played any part, even the slightest, in producing the seaman's injury," then the employer is liable under the Jones Act.[25]

The evidence presented by Plaintiff shows that there are genuine issues of fact regarding Florida Marine's failure to provide Plaintiff with a safe place to work, Florida Marine's actual or constructive knowledge of such failure, and the extent to which such failure contributed to

---

[21] 46 U.S.C. § 30104; *see also Chandris, Inc. v. Latsis*, 515 U.S. 347, 354 (1995).
[22] *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 338 (5th Cir. 1997) (explaining that employers and employees under the Jones Act are each held to the same standard of care, described as "ordinary prudence under the circumstances," which has been used interchangeably with "due care under the circumstances" and "reasonable care under the circumstances").
[23] *Id.* at 338.
[24] *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 205 (5th Cir. 2019) (quoting *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 302 (5th Cir. 2008)) ("The standard of causation in Jones Act cases is not demanding.").
[25] *Gowdy*, 925 F.3d at 205; *Brister v. A.W.I., Inc.*, 946 F.2d 350, 354–55 (citing *Chisholm v. Sabine Towing & Transp. Co., Inc.*, 679 F.2d 60, 62 (5th Cir. 1982)) ("[T]he Jones Act contains a liberal causation requirement. If the defendant's negligence played any part, however small, in producing the seaman's injury, it results in liability.").

Plaintiff's injuries. Indeed, Plaintiff attaches and refers to evidence in support of his argument that his injuries were caused, at least in part, by Florida Marine's failure to provide Plaintiff a safe method to accomplish the task of removing trash from the Vessel, failure to provide an adequate number of crew, failure to maintain lookout and warn Plaintiff of the wake from a passing vessel, and more. Florida Marine contends it has no duty to instruct Plaintiff, an experienced seaman, on matters within his common sense, or to remind him of what he already knew or should have known, and as such, Florida Marine had no duty to warn Plaintiff of the hazards of stepping over open water with trash in each hand to get from the fuel flat to the dock. Plaintiff's negligence claim is not so narrow, however. As described above, Plaintiff contends Florida Marine was negligent in multiple respects, each of which contributed to his injuries. And drawing all reasonable inferences in Plaintiff's favor, the Court finds the summary judgment record, taken as a whole, could lead a rational trier of fact to find that Florida Marine acted negligently and that its negligence contributed, at least in part, to Plaintiff's injuries.[26] Whether Plaintiff was contributorily negligent for violating protocol remains to be determined, but even assuming he was, his contributory negligence does not bar his claims against Florida Marine for its acts of negligence that contributed

---

[26] The Court is unpersuaded by Florida Marine's argument that *Austin v. Sontheimer Offshore/Catering Co.*, No. 23-1602, 2024 WL 167140 (E.D.La. Jan. 16, 2024), supports a finding of summary judgment here. As to the negligence claim, the *Austin* court was focused primarily on the disembarkation method that the plaintiff there alleged caused her injury. *See id.* at *2. Here, Plaintiff alleges Florida Marine was negligent in several different ways, each of which contributed to his injuries. *Austin* is thus distinghuishable on that basis alone, as it did not involve the other theories of negligence that are present here. Nevertheless, even if Plaintiff's negligence claim was limited to the failure to provide a safe method of work because the method of crossing from the fuel flat to the dock was unsafe, *Austin* still would not apply because the negligence claim in *Austin* failed due to the plaintiff's failure to show that her Jones Act employer knew or had an opportunity to correct the unsafe disembarkation conditions. *See id.* Here, the evidence shows the Master of the Vessel standing near the gap between the fuel flat and dock in the moments leading up to and at the time Plaintiff attempted to step over the gap and fell into the river. Thus, at the very least, there is a genuine issue of fact as to Florida Marine's notice of this condition.

*Austin* is also inapplicable as to Plaintiff's unseaworthiness claim. In *Austin*, the plaintiff's unseaworthiness claim against her Jones Act employer failed because her employer was not the owner of the vessel with the unseaworthy condition that allegedly caused her injuries. *See id.* at *3. That is not the case here; Plaintiff's unseaworthiness claim is based on the unseaworthy conditions of the M/V JOHN PASENTINE II, which is owned by Florida Marine. *See infra* Section III.B.

to Plaintiff's injuries.[27] For all these reasons, Florida Marine is not entitled to summary judgment on Plaintiff's Jones Act negligence claim.

### B. Unseaworthiness

Independent from a Jones Act negligence claim, a seaman may claim his injuries were caused by the unseaworthiness of a vessel under general maritime law. "Unlike a Jones Act claim, unseaworthiness is predicated without regard to fault or the use of due care. A shipowner has an absolute nondelegable duty to provide a seaworthy vessel."[28]

For a vessel to be found unseaworthy, the injured seaman must prove that the owner has failed to provide a vessel, including her equipment and crew, that is reasonably fit and safe for the purposes for which it is to be used.[29] Pertinent to this case, a vessel may be deemed unseaworthy if its crew is ill-trained, understaffed, or engaged in an unsafe work method.[30] In addition to proving the unseaworthiness of the vessel, the injured seaman must also prove that the unseaworthy condition played a substantial part in bringing about or actually caused Plaintiff's injury and that the injury was either a direct result or reasonably probable consequence of the unseaworthiness.[31]

Florida Marine acknowledges that unseaworthiness can arise by means of an ill-trained or inadequate crew, and yet argues Plaintiff cannot establish a claim for unseaworthiness because Plaintiff cannot show that the crew was engaged in an unsafe method of work. In so arguing, Florida Marine focuses on the very specific task of disposing of the Vessel's trash and ignores all of the evidence Plaintiff relies on to show: (1) the Vessel was undermanned because there were

---

[27] *See Luwisch v. Am. Marine Corp.*, 956 F.3d 320, 328 (5th Cir. 2020) (quoting *Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1355 (5th Cir. 1988)) ("Under the Jones Act and the law of unseaworthiness, contributory negligence, however gross, does not bar recovery, but only mitigates damages.").
[28] *Brister v. A.W.I., Inc.*, 946 F.2d 350, 355 (5th Cir. 1991) (internal citations omitted).
[29] *Jackson v. OMI Corp.*, 245 F.3d 525, 527 (5th Cir. 2001).
[30] *Usner v. Luckenbach v. Overseas Corp.*, 400 U.S. 494, 499 (1971).
[31] *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 205 (5th Cir. 2019).

only three deckhands, two of whom were "green" and required Plaintiff's assistance to perform nearly all of their duties; (2) the Master and the Wheelman of the Vessel were incompetent and/or ill-trained in a myriad of ways; and (3) that these conditions caused Plaintiff's injuries. Drawing all reasonable inferences in Plaintiff's favor, the summary judgment record taken as a whole could lead a rational trier of fact to find that the Vessel was not reasonably fit and safe for its intended purpose and that the Vessel's unseaworthy condition caused Plaintiff's injuries. Accordingly, Florida Marine is not entitled to summary judgment on Plaintiff's unseaworthiness claim.

## IV.  CONCLUSION

For all the foregoing reasons, **IT IS ORDERED** that Florida Marine's Motion for Summary Judgment to Dismiss Nicholas Magee's Claims for Jones Act Negligence and Unseaworthiness (R. Doc. 92) is **DENIED**.

New Orleans, Louisiana, this 8th day of July 2024.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**