UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NICHOLAS REED MAGEE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3835** |
| **FLORIDA MARINE, LLC, ET AL** | **SECTION: "P" (5)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Withdraw Jury Demand (R. Doc. 155). Defendants, Florida Marine, LLC, Florida Marine Transporters, LLC, and PBC Management, LLC (collectively, "Florida Marine") oppose the motion,[1] and Plaintiff filed a reply in support of his motion.[2] The Court previously entered an Order granting the motion to withdraw jury demand, with written reasons to follow.[3] The Court now assigns reasons below.

### I. BACKGROUND

This action arises out of injuries allegedly sustained by Plaintiff Nicholas Reed Magee while working as a deckhand aboard the M/V JOHN PASENTINE II ("Vessel") on March 6, 2022.[4] Plaintiff alleges the Vessel is owned by Florida Marine and that Plaintiff was employed by Florida Marine as a Jones Act seaman at the time of the incident.[5] According to Plaintiff, the Vessel was on the Ohio River near Catlettsburg, Kentucky when the Master of the Vessel instructed him to unload material from the Vessel by traversing a barge and dock, and while doing as instructed, Plaintiff fell into the river and sustained injuries to his lungs, back, knees, legs, neck, and other parts of his body.[6]

---

[1] R. Doc. 166.
[2] R. Doc. 167.
[3] R. Doc. 181.
[4] R. Doc. 1 at 3.
[5] *Id.*
[6] *Id.*

Plaintiff alleges his injuries are a result of Florida Marine's negligence and the unseaworthiness of the Vessel.[7] Plaintiff thus seeks to recover various types of damages from Florida Marine.[8] Plaintiff also alleges that, as a result of the incident, he was rendered unfit for his job as a seaman.[9] Accordingly, in addition to damages, Plaintiff seeks maintenance and cure benefits from the date he was rendered unfit for duty until maximum cure is achieved.[10]

Plaintiff originally requested a trial by jury on all issues raised in his Complaint.[11] Plaintiff now moves to withdraw that request to allow this matter to proceed as a bench trial.

## II.   LAW AND ANALYSIS

All parties agree that Plaintiff, as a Jones Act seaman in this non-diversity case, is the only party to this litigation with a right to trial by jury and that, as such, Plaintiff can unilaterally withdraw his jury demand without the traditional consent required under Federal Rules of Civil Procedure 38 and 39.[12] Florida Marine attempts to prevent Plaintiff from withdrawing his jury demand on the basis that allowing Plaintiff to do so would prejudice Florida Marine. In particular, Florida Marine argues that Plaintiff's motion was filed after nearly all pre-trial deadlines passed and significant motion practice and discovery were conducted, "all with an eye toward a jury trial."[13] Florida Marine contends its "efforts would be almost entirely useless" if Plaintiff were allowed to withdraw his jury demand now. Florida Marine attempts to support its argument by

---

[7] *Id.* at 3–5.
[8] *Id.* at 5–6.
[9] *Id.* at 5. As of the date the Complaint was filed, Plaintiff allegedly remained unfit and incapable of returning to duty as a seaman. *Id.*
[10] *Id.* at 5–6.
[11] R. Doc. 1 at 6, ¶ 17.
[12] *See Rachal v. Ingram Corp.*, 795 F.2d 1210 (5th Cir. 1986).
[13] R. Doc. 166.

citing two cases wherein a district court has denied a plaintiff's motion that would convert the matter from a bench trial to a jury trial on the basis that the defendant would suffer prejudice.[14]

As Plaintiff points out, the rationale employed by those cases is inapplicable here. Significantly, Plaintiff is attempting to convert this matter *from a jury trial to a bench trial*—not the other way around. This distinction is significant because in the main case relied upon by Florida Marine, the defendant forwent certain pre-trial discovery and motion practice based on its belief that the matter would be tried before the judge and not a jury.[15] The same is not true here. Florida Marine conducted discovery, including numerous depositions; Florida Marine retained multiple experts to challenge Plaintiff's theories of the case and computation of damages; and Florida Marine filed pre-trial motions challenging the admissibility of Plaintiff's experts' opinions and a motion for partial summary judgment. Florida Marine has not shown, and the Court cannot see, how Florida Marine would be truly prejudiced by the conversion of this matter to a bench trial.

Moreover, because Florida Marine's affirmative defense under the Limitation of Liability Act can only be tried before a judge, the Court finds that converting this entire action to a bench trial would result in a more efficient disposition of this case. Indeed, rather than trying the merits of Plaintiff's Jones Act and general maritime law claims before a jury and then separately trying the merits of Florida Marine's limitation of liability defense before the bench, Plaintiff's withdrawal of his jury demand allows all claims and defenses in this action to be tried at one time.

---

[14] See R. Doc. 166 at 1–2 (discussing *Diamond Servs. Corp. v. RLB Contracting, Inc.*, 343 F.R.D. 372 (S.D. Tex. 2023) and *Miller v. Orion Const., L.P.*, Civil Action No.G-06-0665, 2007 WL 4206210 (S.D. Tex. Nov. 27, 2007)).
[15] *See Miller*, 2007 WL 4206210, at *2.

## III.     CONCLUSION

For the foregoing reasons, the Court previously granted Plaintiff's Motion to Withdraw Jury Demand (R. Doc. 155), and this action is set to be tried before the undersigned district judge beginning on July 29, 2024.

New Orleans, Louisiana, this 22nd day of July 2024.

_____
**DARREL JAMES PAPILLION
UNITED STATES DISTRICT JUDGE**