UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NICHOLAS REED MAGEE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3835** |
| **FLORIDA MARINE, LLC, ET AL** | **SECTION: "P" (5)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Partial Summary Judgment.[1] Defendants, Florida Marine, LLC, Florida Marine Transporters, LLC, and PBC Management, LLC (collectively, "Florida Marine") oppose the motion.[2] Plaintiff filed a reply in support of his motion.[3] The parties also filed supplemental briefing upon the Court's request to do so.[4] The Court previously entered an Order denying the motion, with written reasons to follow.[5] The Court now assigns reasons below.

**I.   BACKGROUND**

This action arises out of injuries allegedly sustained by Plaintiff Nicholas Reed Magee while working as a deckhand aboard the M/V JOHN PASENTINE II ("Vessel") on March 6, 2022.[6] Plaintiff alleges the Vessel is owned by Florida Marine and that Plaintiff was employed by Florida Marine as a Jones Act seaman at the time of the incident.[7] According to Plaintiff, the Vessel was on the Ohio River near Catlettsburg, Kentucky when the Master of the Vessel instructed him to unload material from the Vessel by traversing a barge and dock, and while doing

---

[1] R. Doc. 88.
[2] R. Doc. 120.
[3] R. Doc. 128.
[4] R. Docs. 212, 214.
[5] R. Doc. 223.
[6] R. Doc. 1 at 3.
[7] *Id.*

as instructed, Plaintiff fell into the river and sustained injuries to his lungs, back, knees, legs, neck, and other parts of his body.[8]

Plaintiff alleges his injuries are a result of Florida Marine's negligence and the unseaworthiness of the Vessel.[9] Plaintiff thus seeks to recover various types of damages from Florida Marine.[10] Plaintiff also alleges that, as a result of the incident, he was rendered unfit for his job as a seaman.[11] Accordingly, in addition to damages, Plaintiff seeks maintenance and cure benefits from the date he was rendered unfit for duty until maximum cure is achieved.[12]

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[14] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[15] "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party."[16]

---

[8] *Id.*
[9] *Id.* at 3–5.
[10] *Id.* at 5–6.
[11] *Id.* at 5. As of the date the Complaint was filed, Plaintiff allegedly remained unfit and incapable of returning to duty as a seaman. *Id.*
[12] *Id.* at 5–6.
[13] FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).
[14] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[15] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075.
[16] *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[17] "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[18]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[19] The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing a genuine issue of fact exists.[20] The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution.[21]

## III. LAW AND ANALYSIS

Plaintiff moves for partial summary judgment on the basis that there is no genuine dispute of material fact that Florida Marine violated 46 U.S.C. § 11304 and/or 46 C.F.R. § 140.205(b) and that these violations contributed to Plaintiff's injuries. Plaintiff therefore contends Florida Marine is precluded from asserting the defense of contributory negligence under 45 U.S.C. § 53 and that

---

[17] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[18] *Id.* at 1265.
[19] *See Celotex*, 477 U.S. at 325.
[20] *See id.* at 324.
[21] *See, e.g., id.*; *Little*, 37 F.3d at 1075 " (quoting *Celotex*, 477 U.S. at 322) ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'").

Florida Marine is guilty of negligence *per se*. Plaintiff specifically asks that the Court enter the following orders:

(1) Because Florida Marine violated 46 U.S.C. § 11304 and/or 46 C.F.R. § 140.205, Mr. Magee cannot be contributorily negligent if it is shown that such failure(s) contributed to Mr. Magee's incident.

(2) Because Florida Marine's violations of 46 U.S.C. § 11304 and/or 46 C.F.R. § 140.205 contributed to Mr. Magee's incident, Florida Marine cannot assert contributory negligence as an affirmative defense.

(3) Because Florida Marine's violations of 46 U.S.C. § 11304 and 46 C.F.R. § 140.205 contributed to Mr. Magee's incident, Florida Marine is negligent *per se* and thus, negligent as a matter of law.

With respect to the second and third proposed orders, the Court notes that it previously denied Florida Marine's motion for summary judgment, in part, because there were genuine issues of fact regarding whether the acts and/or omissions of Florida Marine contributed to Plaintiff's injuries.[22] Indeed, the theories of causation that have been argued and presented in this case, from both sides, are plentiful. The question of who or what contributed to Plaintiff's injuries is best reserved for the trier of fact to answer after the presentation of all the evidence at trial. Accordingly, because the second and third proposed orders can only be issued if the Court finds, at this stage, that there is a causal connection between Florida Marine's alleged statutory and regulatory violations and Plaintiff's injuries, the Court denies Plaintiff's request for these orders.

With respect to the first proposed order, the Court exercises its discretion and denies Plaintiff's motion because the Court does not believe it would streamline the issues for trial.[23] As previously mentioned, there are numerous theories of causation in this case, many of which are

---

[22] R. Doc. 207.
[23] *See Powell v. Radkins*, 506 F.2d 763, 765 (5th Cir. 1975) ("A court, in its discretion in shaping the case for trial, may deny summary judgment as to portions of the case that are ripe therefor, for the purpose of achieving a more orderly or expeditious handling of the entire litigation."); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (observing that a district court has discretion to deny summary judgment where "there is reason to believe that the better course would be to proceed to a full trial").

intertwined. Although it is undisputed that Florida Marine failed to comply with 46 U.S.C. § 11304, the Court finds there are genuine disputes of material fact related to whether Florida Marine violated 46 C.F.R. § 140.205(b). Thus, even if this Court were to enter the proposed order limited to the violation of 46 U.S.C. § 11304, Plaintiff still must prove at trial that this violation contributed to Plaintiff's injuries, the evidence of which also relates to the alleged violations of 46 C.F.R. § 140.205(b) and whether, and to what extent, those violations contributed to Plaintiff's injuries. In other words, granting partial summary judgment on this issue would not simplify the trial in this matter or save time and expense.[24] Moreover, to render the proposed order Plaintiff seeks, the Court would have to resolve a novel, contested issue of law that may ultimately be moot if the Court, as the trier of fact, determines there is no causal connection between Plaintiff's injuries and Florida Marine's violations of 46 U.S.C. § 11403 and/or 46 C.F.R. § 140.205(b). Accordingly, the Court believes the more prudent approach is to allow the parties to present their respective evidence at trial, after which the Court, as fact finder, will make a determination as to causation and, if necessary, whether 45 U.S.C. § 53 precludes Plaintiff from being found guilty of contributory negligence.

**IV.   CONCLUSION**

For the reasons set forth herein, Plaintiff's Motion for Partial Summary Judgment (R. Doc. 88) is **DENIED**.

New Orleans, Louisiana, this 26th day of July 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[24] *See Dore v. Prospective Inv. & Trading Co., Ltd.*, No. 2:05-cv-1657, 2010 WL 4068802, at *5 (W.D. La. Oct. 14, 2010) ("[I]f partial summary judgment would not simplify the trial or save time and expense, a court may deny partial summary judgment even if it would otherwise be proper.").